UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    PATRICK McALLISTER

    Debtor,

**Chapter 7**

**Case No. 15-22486-rdd**

NORTHEN WESTCHDESTER SURGICAL
ASSOCIATES, LLP.,

    Plaintiff,

-against-

PATRICK McALLISTER,

    Defendant.

Ads'. Pro. No.

**COMPLAINT**

-------------------------------------------------------x

To: HON. ROBERT DRAIN, UNITED STATES BANKRUPTCY JUDGE

    Plaintiff, Northern Westchester Surgical Associates, LLP, by his attorneys, Albert A. Hatem, Esq., as and for its Complaint against defendant, Patrick McAllister, respectfully alleges as follows:

    1. At all relevant times plaintiff maintains a principle place of business in Putnam County, New York, located at 11 Peekskill Hollow Road, Putnam Valley, New York.

    2. The debtor filed a voluntary petition for relief pursuant to 11 U.S.C. Chapter 7 on or about April 13, 2015.

    3. The Bankruptcy Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C. Sec. 157 on the ground that this is a core proceeding.

    4. Venue over this action resides in this Court pursuant to 28 U.S.C. Sec. 1409.

5. Northern Westchester is a creditor of the debtor by reason of money due and owing the plaintiff as a result of a breach of contract for medical services provided to Defendant's wife Elizabeth McAllister in the sum of $116,920.00 that was entered in Putnam County on or about October 12, 2014. The Plaintiff's claim herein is based on monies received by Defendant's medical carrier, United Health Care, (hereinafter "UHC") that were to be paid to the plaintiff for a portion of the medical services rendered to Debtor's wife.

6. An action was commenced in the Supreme Court of the State of New York; County of Westchester, under Index No. 52116/15 on February 17, 2015, wherein the plaintiff sought money damages as a result of the Defendant Patrick McAllister refusal and failure to forward the payments made by UHC to him. See Supreme Court complaint annexed hereto as **Exhibit "A"**.

7. This is an adversary proceeding to object to discharge and to determine the dischargeability of the debt pursuant to Sections 523(a)(4) and (6) of the Bankruptcy Code, and based on the debtors fraudulent conduct in violation of the Lien Law of the State of New York.

## FACTS

8. On or about October 12, 2014, Plaintiff and Debtor entered into a contract whereby Plaintiff would render medical services to Debtor's wife Elizabeth McAllister and in fact did so between the dates of October 12th and October 23, 2014, for the agreed price of $116,920.00. At the time of this agreement Defendant maintained medical insurance and coverage with United Health Care ("UHC") under Subscriber No. 890124967; Group No. 030500, to include his Wife Elizabeth McAllister, for whom Plaintiff rendered its service.

9. On or about October 23rd, 2014, after Plaintiff rendered its services to Defendant's wife, and statements were forwarded to Defendant and to UHC seeking payment and/or

reimbursement for the aforementioned services in the amount of $116,920.00, which representing the total unpaid balance due the Plaintiff from Defendant under the contract.

10. Between November 20th, 2014 and January 8th, 2015 **THREE (3)** checks totaling $17,747.14 were issued by United Health Care, all payable to Debtor Patrick McAllister, intended to be partial payment of the services rendered by Plaintiff to Debtor's wife. See copies of checks annexed hereto as **Exhibit B**.

11. On or about February 17th, 2015, Plaintiff commenced an action against Defendant in the Supreme Court of the State of New York; County of Westchester, under Index No. 52116/15, wherein the plaintiff sought money damages in the amount of $116,920.00 representing the unpaid bills of the Plaintiff, inclusive of the $17,747.14 received by Defendant from United Health Care that was intended to be paid to Plaintiff in partial satisfaction of the services Plaintiff rendered under Plaintiff's Fifth Cause of Action for Fraud and Unjust Enrichment. See Supreme Court complaint annexed hereto as **Exhibit "A"**.

12. Defendant is currently in default and has not interposed an Answer in the Supreme Court action.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff repeats and re-alleges the foregoing paragraphs as if more fully set forth herein.

14. In furtherance of the agreements as and between Plaintiff and Defendant, Plaintiff inquired with Defendant's insurance carrier, United Health Care, ("UHC") as to the status of any payment(s) made or to be made to Plaintiff on behalf of and for the benefit of the Defendant(s) and/or his wife.

15. Upon receipt of the Explanation of Benefits (EOBs) from Defendants' medical insurance carriers it was disclosed that Defendant(s) received checks in the sum of $17,747.14 from UHC. *See EOBs annexed to the Supreme Court complaint as Exhibit B.*

16. Under the terms and conditions of the agreements between Plaintiff and Defendants, the aforementioned checks issued by Defendant's insurance carrier and received by Defendant were to have been forwarded to Plaintiff in full and/or partial satisfaction of monies due and owing to Plaintiff from Defendant and to be credited against Defendant's account.

17. Despite written demand made to Defendant to forward the aforementioned checks to Plaintiff, Defendant willfully and deliberately ignored Plaintiff's requests, thereby defrauding Plaintiff and by Defendant's intentional actions causing him to be unjustly enrichment by the unlawful retention of these checks. *See demand annexed to the Supreme Court complaint as Exhibit C.*

18. Although duly demanded, Defendant has failed and refused to pay any portion of Plaintiff's bill or to forward the payments received from UHC that were intended to partial satisfy the costs and expenses of the medical services rendered by Plaintiff.

19. Upon information and belief, Defendant has diverted trust funds he received from UHC and as a trustee of these funds, was to have paid these sums to Plaintiff in partial satisfaction of medical services rendered by Plaintiff to Defendant's wife.

20. That Defendant had knowledge of these payments he received from UHC as described above arising out of his policy of insurance under which his wife was a covered member.

21. Upon information and belief, Defendant caused these trust funds, received from UHC, to be disbursed and/or retained for such other purposes, other than for the purpose these UHC funds were authorized or intended.

22. Upon information and belief, by reason of the diversion of these UHC funds received of the insurance policy described above, Defendant, as trustee, did not pay Plaintiff for the medical services, which the Plaintiff furnished in the performance of the contracts above-mentioned.

23. Upon information and belief, the diversions of said trust funds made by McAllister as hereinabove described constituted a breach of the obligation(s) and responsibilities of McAllister, as trustee of these fund with the obligations and responsibilities to reimburse Plaintiff. Defendant directed and controlled the activities and disbursements of the UHC funds intended for the medical services described above.

24. That the Plaintiff does not know at present and is unable to ascertain the full and complete information regarding the administration and receipts of the UHC funds.

25. That Defendant is liable to Plaintiff for the funds he received in trust from UHC in an amount of $17,747.14.

26. That the Plaintiff does not have not adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and re-alleges the foregoing paragraphs as if more fully set forth herein.

28. That upon information and belief, Defendant has wrongfully diverted trust funds received from United Health Care for uses that are not permitted; authorized or intended under Defendant's policy of insurance with UHC, who issued

these payments in accordance with the terms and conditions of said policy.

29. That said diversion of these trust funds constitutes a violation of the policy of insurance under which payment was made by UHC and breach of the fiduciary duty owed by McAllister to Northern Westchester Surgical Associates, LLP. By virtue of the foregoing, Plaintiff has been caused to suffer damages in the sum of $17,747.14.

30. That as a result of the diversion of the UHC funds and a breach of the fiduciary duty owed by Defendant, Patrick McAllister is personally liable to Plaintiff, having unlawfully diverted trust funds.

31. That Plaintiff, as a trust fund beneficiary, seeks judgment for compensatory damages in the sum of $17,747.14, plus interest from January 8th, 2015 and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. On the first cause of action, judgment against the defendant declaring that the debtor's debt to plaintiff in the sum of $17,747.14, plus interest thereon from January 8th, 2015, as adjudicated and duly entered in the State Court Action to be non-dischargeable in the within bankruptcy proceeding pursuant to **11 U.S.C. Sec. 523(a)(4);**

B. On the second cause of action, judgment against the defendant declaring that the debtor's debt to plaintiff in the sum of $17,747.14, plus interest thereon from January 8th, 2015, as adjudicated and duly entered in the State Court Action to be non-dischargeable in the within bankruptcy proceeding pursuant to **11 U.S.C. Sec. 523(a)(6)** and **11 U.S.C. Sec. 727 (2)(4);**

C. Such other and farther relief as this Court deems just and proper, plus the costs and disbursements of this action.

DATED:   New York, New York
         July 28, 2015

                              _____
                              Albert A. Hatem, Esq. (1224)
                              ALBERT A. HATEM, P.C.
                              202 Mamaroneck Avenue
                              White Plains, New York 10601
                              (914) 686-5700
                              (914) 236-1456-Fax
                              alhatem@getourmoney.com